J-S37006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
EARL MORGAN :
:
Appellant : No. 2956 EDA 2017

Appeal from the PCRA Order August 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0112531-2002

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 31, 2018**

Appellant, Earl Morgan, appeals from the order entered on August 14,

2017, dismissing his second petition filed under the Post-Conviction Relief Act

(PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously explained the underlying facts of this case:

> [On] the afternoon of August 23, 2001, two men knocked on
> [the Victim's] front door.  When [the Victim] answered it, [the
> men] pulled guns out and ordered him back into his house.
> They made him kneel and asked for his money and drugs.
> When he stated that he did not know what they were talking
> about, they hit him. They threatened to shoot him and he
> told them to go ahead.  They then hit him on his right temple
> with a pistol, knocking him unconscious.  At trial, [the Victim]
> testified that the two men were [Appellant] and [Appellant's
> co-defendant, John Realer].
>
> When [the Victim] regained consciousness, [he] grabbed
> [Appellant's] pistol and wrestled with him while [Mr. Realer]
> continued to hit him in the back of the head. Both men
> escaped.  [The Victim] was covered in blood.  The police
> transported him to the hospital, where he again slipped into

_____

* Former Justice specially assigned to the Superior Court.

unconsciousness. He was held for two days, and diagnosed with major depression and post-concussion syndrome. The strike to his temple had fractured his skull.

A jury found [Appellant] guilty of aggravated assault and possession of an instrument of crime. On May 22, 2002, the [trial court] sentenced [Appellant to serve an aggregate term of ten to 20 years in prison for his convictions].

**Commonwealth v. Morgan**, ___ A.2d ___, 1846 EDA 2002 (Pa. Super. 2003) (unpublished memorandum) at 1-2 (internal footnotes omitted).

We affirmed Appellant's judgment of sentence on April 25, 2003; Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal. **Id.**

Appellant filed his first PCRA petition on April 23, 2004. The PCRA court dismissed the petition on May 26, 2005, we affirmed the PCRA court's order on November 29, 2006, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 26, 2007**.** **Commonwealth v. Morgan**, 915 A.2d 147 (Pa. Super. 2006) (unpublished memorandum) at 1-6, *appeal denied*, 927 A.2d 623 (Pa. 2007).

Appellant filed the current PCRA petition – his second – on July 19, 2007. Within his *pro se* PCRA petition, Appellant acknowledged that the petition was filed outside of the PCRA's one-year time-bar. **See** Appellant's Second *Pro Se* PCRA Petition, 7/19/07, at 3. Appellant, however, claimed that his co-defendant, John Realer, had recently come forward with "exculpatory evidence" regarding Appellant's case. **Id.** Appellant thus claimed that his PCRA petition was timely under the "newly-discovered facts" exception to the

- 2 -

PCRA's one-year time-bar.[1]  *Id.*; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Moreover, attached to Appellant's PCRA petition was a sworn affidavit from

Mr. Realer, where Mr. Realer averred:

> [Appellant] did not participate, agree to take part in, nor conspire in the crime for which I am incarcerated for committing.
>
> On the day of said crime, I called [Appellant] and asked him for a ride to the 2600 block of Thompson St. (at which time I did not have a vehicle myself) and he agreed.
>
> Upon arrival to Thompson St., [Appellant] parked his car on the corner.  I exited there and walked down to the street to the address [of the Victim].
>
> [Appellant] at this time was left standing on the corner speaking on his cell phone awaiting for me to return.
>
> Once I reached [the Victim's address, the Victim and I] engaged in a drug deal that went bad and turned into a robbery.
>
> After I exited the house I calmly walked back up to the corner and got back in the car, and [Appellant] proceeded to drive me back to the address he brought me from.  At which time I never told him of the robbery.

---

[1] Obviously, in order to satisfy the "newly-discovered facts" exception to the PCRA's one-year time-bar, the petitioner need not plead or prove that the evidence was "exculpatory" or that the evidence "would have changed the outcome of the trial." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-1272 (Pa. 2007) (holding that the PCRA's newly-discovered facts exception "merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence") (internal quotations and citations omitted).  Our reference to the alleged "exculpatory" nature of Appellant's evidence simply reflects our effort to summarize Appellant's claim.

> In the past, before [Appellant's] trial, I found out through a friend who his lawyer was and I attempted to make contact. I wanted him to know of [Appellant's] true innocence, but I never received a response back.

Affidavit of John Realer, attached to Appellant's Second *Pro Se* PCRA Petition, at 1.

On May 2, 2016, Appellant's counsel filed an amended petition and reiterated Appellant's claim that Mr. Realer's statement constituted newly-discovered evidence, which entitled Appellant to post-conviction relief. Appellant's Amended Second PCRA Petition, 5/2/16, at 3.[2]

On July 11, 2017, the PCRA Court provided Appellant with notice that it intended to dismiss his untimely PCRA petition in 20 days, without a hearing. PCRA Court Order, 7/11/17, at 1; *see also* Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on August 14, 2017. PCRA Court Order 8/14/17, at 1.

Appellant filed a timely notice of appeal to this Court and now claims that the PCRA court erred when it determined that his PCRA petition was untimely. We conclude that the PCRA court properly dismissed Appellant's untimely, serial PCRA petition.

As our Supreme Court has held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by

---

[2] Appellant's amended second PCRA petition also claimed that Appellant's wife could "provide testimony relaying background details which establishes that Mr. Realer's statement was prepared in 2006 but not obtained by [Appellant] until the time of his pending appeal." Appellant's Amended Second PCRA Petition, 5/2/16, at 3.

evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 2003. As Appellant did not file his current petition until July 19, 2007, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims to invoke the "newly-discovered facts" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Thus, to properly invoke the newly-discovered facts exception, the petitioner is statutorily required to file his petition "within 60 days of the date the claim could have been presented." *Id.* As our Supreme Court has explained, to satisfy this "60-day requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "60-day requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Appellant claims that the PCRA court erred in dismissing his petition as untimely, as his petition satisfies the newly-discovered facts exception to the PCRA's one-year time-bar. This claim fails.

The PCRA's newly-discovered facts exception permits the filing of a petition outside of the one-year time-bar if the petitioner pleads and proves that the facts upon which the claim is predicated "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has explained that the newly-discovered facts exception "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Bennett*, 930 A.2d at 1271 (internal quotations and citation omitted), *quoting*

- 7 -

*Commonwealth v. Lambert*, 884 A.2d 848, 852 (Pa. 2005). Yet, as our Supreme Court has made clear, "[t]he focus of the exception is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts. . . . [Stated another way,] the newly-discovered facts exception is **not** focused on newly discovered or newly willing sources for 'facts' that were already known." *Commonwealth v. Marshall*, 947 A.2d 714, 720 and 722 (Pa. 2008) (internal quotations, citations, and corrections omitted) (emphasis in original).

Appellant claims that Mr. Realer's statement satisfies the PCRA's newly-discovered facts exception because Appellant "had no idea that [Mr. Realer] was willing to come forward to exonerate him until he received an affidavit from him." Appellant's Brief at 17. Further, Appellant claims that he first discovered this fact on October 4, 2006, when Mr. Realer swore the affidavit that exonerated him. *See id.* According to Appellant, since he filed his current petition within 60 days of the date the claim could have been presented, his petition is timely under the newly-discovered facts exception. *Id.* This claim fails.

If true, Appellant has long been aware of all of the alleged "facts" that are contained in Mr. Realer's affidavit. Indeed, Mr. Realer's affidavit simply declares that, during the assault and robbery, Appellant stood down the street from the Victim's residence and that Appellant did not participate in, or know of, the crimes. However, if true, Appellant knew of these facts at the time and Appellant could have testified to the facts at trial. Thus, Appellant has

- 8 -

simply found in Mr. Realer "a newly discovered or newly willing source for previously known facts." **Marshall**, 947 A.2d at 720 and 722. As explained above, such evidence does not satisfy the PCRA's newly-discovered facts exception.

Therefore, Appellant has failed to plead a valid exception to the PCRA's one-year time-bar. Appellant's petition is thus time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). We affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/18